IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

    Plaintiff,

v.                                    Case No. 8:10-cv-409-T-30TBM

PETER J. WALSWORTH

    Defendant.
_____/

## ORDER

Upon consideration of the Complaint and Emergency Motion of Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), Defendant, Peter J. Walsworth's ("Walsworth") Motion to Compel Arbitration, submissions of record by both parties, and having heard argument by counsel for the parties this Court finds that:

    1.    Merrill Lynch has maintained its express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a full panel of duly-appointed arbitrators, with the Financial Industry Regulatory Authority ("FINRA").

    2.    Because of constraints on this Court's time, including its trial schedule, it cannot likely provide hearing time and corresponding injunctive relief within the immediate foreseeable future.

    3.    Walsworth has represented that a hearing can be had before FINRA within the next fifteen (15) days upon Order of this Court.

4. Walsworth further represented:

   a. He has access to no Merrill Lynch property or information other than the contact information (name, address, phone number, email address and account type) for clients he serviced while at Merrill Lynch ("Customer Information");

   b. Until a FINRA hearing can be had, other than Customer Information, he will not use or have access to any information related to Merrill Lynch business which was ever stored on his computer hard drive or in other electronic format and will allow a third party to maintain a copy of such information ("Computer Information").

   c. Until a FINRA hearing can be had, he will only contact and solicit Merrill Lynch customers he serviced while at Merrill Lynch and only after providing Merrill Lynch with that customer's contact information;

   d. Until a FINRA hearing can be had, he will not consult any Merrill Lynch or client information other than the customer contact information he has provided to Merrill Lynch.

5. Walsworth agreed he will only keep a copy of Customer Information he has provided to Merrill Lynch and that he must immediately return to Merrill Lynch all other information relating to Merrill Lynch business in his possession or to which he may otherwise have access.

6. The parties agree that this Court should enter its Order enforcing the parties' agreements and representations to the Court as set forth above; requiring the

return of Merrill Lynch property; and maintaining the status quo until a FINRA hearing can be held.

**IT IS HEREBY ORDERED AND DECREED THAT:**

(1) Except as to proceedings that might be required to enforce this Order, this action is hereby stayed.

(2) Defendants' Motion to Compel Arbitration is denied as moot, since Plaintiff has already filed an arbitration action in FINRA. The parties are directed to continue that arbitration proceeding before FINRA and shall endeavor to obtain a hearing date before FINRA within the next fifteen (15) days to address any injunctive relief that might be warranted. Walsworth shall initiate such action and take the steps required to procure such hearing time.

(3) Until a FINRA hearing is had, Walsworth shall solicit no Merrill Lynch clients other than those he serviced while at Merrill Lynch;

(4) Until a FINRA hearing is had, Walsworth shall not consult or use any Merrill Lynch or client information other than Customer Information he has provided to Merrill Lynch.

(5) Until a FINRA hearing can be had, Walsworth shall not contact or solicit any Merrill Lynch customer other than those he serviced while at Merrill Lynch and only after providing Merrill Lynch with that customer's contact information.

**DONE** and **ORDERED** in Tampa, Florida on February 12, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record